IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

RICKY B. CAMPBELL,

        Plaintiff,

v.                                    Case No. 5:06-cv-00659

BECKLEY POLICE DEPARTMENT,
BILLY COLE, Chief of Police,
Beckley Police Officers
GANT MONTGOMERY, "BAILEY,"
WILLIAM REYNOLDS, CHUCK SMITH,
TIM SWEENY, and STANLEY SWEENY,
THE CITY OF BECKLEY, WV,
EMMETT S. PUGH, Mayor of Beckley,
and DOE DEFENDANTS 1 through 50,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On August 25, 2006, Plaintiff, acting pro se, filed a Complaint under 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment right to privacy, as well as violations of the West Virginia Wiretapping and Electronic Surveillance Act, W. Va. Code § 62-1D-1 et seq., the federal Omnibus Crime Control and Safe Streets Act, as amended by the Electronic Communications Privacy

Act, 18 U.S.C. § 2520, and a state law claim of invasion of privacy.

Plaintiff's Complaint is based upon the following facts:  On December 10, 2004, authorities from the City of Beckley Police Department searched Plaintiff's home, pursuant to a state-issued search warrant, for narcotics, specifically marijuana, and other drug-related items.  During the search, the authorities seized approximately 205 marijuana plants, approximately six pounds of marijuana and other drug paraphernalia, a number of firearms, a lawn mower, a four-wheeler, and a Ford Excursion vehicle. Plaintiff was arrested, but was subsequently placed on bond and released.

According to Plaintiff's Complaint, three days after the search, on December 13, 2004, Plaintiff found a wireless transmitter, belonging to the City of Beckley Police Department, under a dresser in his bedroom.  The transmitter was allegedly switched in the "On" position.  Plaintiff's Complaint alleges that there was no court order permitting the placement of the transmitter in Plaintiff's home.

The Complaint further alleges:

> Ricky Campbell avers that this illegal "Transmitter" was placed in his home during the search of it to gather information.  He also believes that he was illegally monitored in direct violation of well settled Federal and State laws, which is a direct violation of his CIVIL RIGHTS.

(# 1 at 5).  Plaintiff alleges that he has suffered "great

emotional distress and other related damages" due to the actions of the defendants.  (<u>Id.</u> at 6).  Plaintiff seeks compensatory and punitive damages, as well as equitable relief.  (<u>Id.</u> at 7).

### **STANDARD OF REVIEW**

Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (# 19).  "For purposes of a motion to dismiss, the Complaint must be construed in a light most favorable to the plaintiff and its allegations taken as true.  Only when it appears that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief should the motion be granted."  <u>Brock & Davis Co. v. Charleston Nat'l Bank</u>, 443 F. Supp. 1175 (S.D. W. Va. 1977).  "[U]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all of the required elements of the cause of action are present."  <u>Signal v. Gonzales</u>, 430 F. Supp.2d 528, 536 (D.S.C. 2006).

### **ANALYSIS**

**A.   Voluntarily dismissed claims and defendants.**

<u>Conspiracy claim</u>

Plaintiff's Complaint also alleges that the defendants engaged in a "conspiracy" or "PLAN OF ACTION" to hide the "FACTS surrounding this 'Transmitter'" and that "this PLAN OF ACTION was known by all of the Officers involved in the search of the home."

(# 1 at 5, ¶¶ 11, 12).  The Complaint further alleges that, "at some unknown point in time this PLAN OF ACTION was made known to all of the named defendants known and/or unknown.  And that they consented and/or agreed to the use of the PLAN OF ACTION." (<u>Id.</u>, ¶ 13).

The defendants have construed this claim to have been brought under 42 U.S.C. § 1985, which governs conspiracies to interfere with civil rights.  Specifically, the defendants assert that Plaintiff's claim could only fall under subsection (3) of that statute, concerning "depriving persons of rights or privileges." As noted in <u>Tilton v. Richardson</u>, "[t]he essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive Plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."  6 F.3d 683, 686 (10th Cir. 1993).

The defendants' Memorandum of Law in support of their Motion to Dismiss asserts that Plaintiff cannot allege a claim of conspiracy to interfere with his civil rights under 42 U.S.C. § 1985, arguing, <u>inter alia</u>, as follows:

> "Secondly, § 1983(3) [sic; 1985(3)] does not 'apply to all tortuous [sic; tortious] conspiratorial interferences with the rights of others' but rather, only to conspiracies motivated by 'some racial or perhaps otherwise class-based invidiously discriminatory animus.'" <u>Tilton v. Richardson</u>, 6 F.3d 683 (10th Cir. 1993) quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 101-02, 91 S. Ct. 1790, 1798, 29 L. Ed.2d 338 (1971).  "The other 'class-based animus' language of this requirement has been narrowly construed and does not, for example,

4

reach conspiracies motivated by an economic or commercial bias." <u>Id.</u> quoting <u>United Bhd. of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott</u>, 463 U.S. 825, 837, 103 S. Ct. 3352, 3360, 77 L. Ed.2d 1049 (1983). Here, the Plaintiff has not alleged any animus by the Defendants against him because of his membership in any "class" of persons. Therefore, Plaintiff's Complaint related to the "Federal Conspiracy Statute" should be dismissed, as the Plaintiff has failed to show any basis for his claim under 42 U.S.C. § 1985.

(# 20 at 5-6).

In Plaintiff's Response to the defendants' Motion to Dismiss, Plaintiff has withdrawn his conspiracy claim.  (# 42 at 2, ¶ 7). Based upon Plaintiff's representations in his Response, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this claim pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

## Claims against defendants Pugh and Cole

The defendants' Memorandum of Law also argued that Police Chief Billy Cole and Mayor Emmett S. Pugh should be dismissed because Plaintiff's Complaint fails to allege either that these defendants participated in placing the transmitter in Plaintiff's home or that they failed to properly train or supervise the officer(s) who allegedly placed the transmitter there. (# 20 at 8-9).  Plaintiff has also stipulated to the dismissal of these defendants, without prejudice, which the defendants have not opposed.  (<u>Id.</u> at 4, ¶¶ 16 and 18).  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** defendants Pugh and Cole, without prejudice, pursuant to Rule 41(a)

of the Federal Rules of Civil Procedure.

**B.   Plaintiff's claims under 42 U.S.C. § 1983.**

Plaintiff's claim that the transmitter was illegally placed in his home in violation of his right to privacy under the Fourth Amendment is sufficient to state a claim under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.   Plaintiff has alleged that the defendants were acting under color of state law.

In their Memorandum of Law in support of their Motion to Dismiss, the defendants assert that Plaintiff's claim under 42 U.S.C. § 1983 should be dismissed "because he [Plaintiff] cannot show any damages as a result of finding a 'transmitter' in his home." (# 20 at 3).   However, at this stage of the litigation, the court must take Plaintiff's allegations as true, and Plaintiff does not have to prove his damages at this time.

The undersigned further recognizes that Plaintiff is a pro se litigant.   In his Memorandum of Law in support of his Opposition to the defendants' Motion to Dismiss, Plaintiff states:

> 4.   In this case, it certainly appears that police officers acting in their official capacity while

serving a search warrant took took [sic] it upon
themselves to surreptiously [sic; surreptitiously]
place a transmitting device in the bedroom of the
plaintiff and his wife.* * *

5.    One's conversations in his bedroom with his wife
and the privacy attendant thereto is certainly
deserving of Constitutional Protection when it is
the direct result of intentional acts exceeding the
scope of a warrant. * * *

Assuming the allegations are true, the harm that
flows from the invasion of one's privacy by
electronic equipment designed for that purpose can
not be disputed.   Plaintiff is clear in paragraph
15 of his complaint that he has suffered Emotional
Distress as a result of the unauthorized invasion
of privacy.

(# 43 at 4-5).

The undersigned proposes that the presiding District Judge
**FIND** that Plaintiff's Complaint states a claim of a violation of
his Fourth Amendment rights sufficient to allow the parties to
proceed with discovery in this matter.   Accordingly, it is
respectfully **RECOMMENDED** that the presiding District Judge **DENY** the
individual defendants' Motion to Dismiss as to this claim.

The defendants further assert that the claims under 42 U.S.C.
§ 1983 against the City of Beckley and the Beckley Police
Department should be dismissed because Plaintiff has not alleged a
specific policy employed by these entities that resulted in the
violation of Plaintiff's constitutional or federal rights. (Id. at
7).  The defendants' Memorandum of Law states:

It appears that Plaintiff is making the argument that the
Defendant police officers effectuated the placement of a
"transmitter" in his home pursuant to some policy of the

7

City of Beckley.  However, this "blanket" allegation does
not pass muster under 42 U.S.C. § 1983 because it does
not  state  what  policy  employed  violated  his
constitutional or federal rights or that he was damaged
by any such policy.

* * *

"Such blanket allegation[s] alone do not indicate
that any city policymakers made 'a deliberate choice to
follow a course of action . . . from among various
alternatives." <u>Roberts v. City of Forest Acres</u>, 902 F.
Supp. 662, 669 (D. South Carolina 1995) quoting <u>City of
Canton v. Harris</u>, 489 U.S. 378, 389, 109 S. Ct. 1197,
1205, 103 L. Ed.2d 412 (1989).

(<u>Id.</u>)

In <u>Roberts</u>, the district court held as follows:

[T]he law is clear that municipalities may not be held
liable under section 1983 under principles of <u>respondeat
superior</u>.  "Rather, to establish liability on behalf of
the entity, it must be shown that the actions of the
officers were unconstitutional and were taken pursuant to
a custom or policy of the entity." <u>Giancola [v. West
Virginia Dep't of Public Safety</u>,] 830 F.2d [547] at 550
(citing <u>Monell v. Department of Social Services</u>, 436 U.S.
658, 690-92, 98 S. Ct. 2018, 2036-36, 56 L. Ed.2d 611
(1978)).  In addition, a municipality may be held liable
under section 1983 for failure to train its employees,
but only if "the failure to train amounts to deliberate
indifference to the rights of the persons with whom the
police come into contact." <u>City of Canton v. Harris</u>, 489
U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed.2d 412
(1989).

902 F. Supp. at 669.  At this point, however, Plaintiff's Complaint

does not allege that the City of Beckley failed to properly train

its  officers  concerning  lawful  searches  and  seizures  or

surveillance.  Thus, the undersigned will not address that issue.

The undersigned proposes that the presiding District Judge

**FIND** that, although, at this particular stage, Plaintiff has not

8

specifically identified a policy or custom of the City of Beckley that he believes resulted in the violation of his constitutional or federal civil rights, he has pled such a violation in his Complaint and should be given the opportunity to develop evidence in support of this claim.

However, the undersigned further proposes that the presiding District Judge **FIND** that the Beckley Police Department is not a entity capable of being sued under 42 U.S.C. § 1983. <u>See</u> <u>Revena v.</u> <u>Charleston County Commissioners</u>, 882 F.2d 870, 874 (4th Cir. 1989)(Office of Sheriff is simply an agency of the County Commission); <u>Whane v. State of Kansas</u>, 980 F. Supp. 387 (D. Kan. 1997)(Municipal Police Department is "only a sub-unit of the city government and, therefore, is not a governmental entity subject to suit"). Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss as to the Beckley Police Department and **DENY** the Motion to Dismiss as to the City of Beckley.

**C.  Plaintiff's Claims Under the Federal and State Wiretapping Acts.**

The Electronic Communications Privacy Act (the "ECPA"), 18 U.S.C. § 2520, provides:

> (a) **In general.** – Except as provided in section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

9

Case 5:06-cv-00659   Document 78   Filed 06/06/07   Page 10 of 18 PageID #: 338

(b) **Relief.** - In an action under this section, appropriate relief includes -

(1) such preliminary and other equitable or declaratory relief as may be appropriate;

(2) damages under subsection (c) and punitive damages in appropriate cases; and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

The statute provides for the award of actual damages or statutory damages.   18 U.S.C. § 2520(c).   In addition to individual liability, governmental entities, such as the City of Beckley, are also subject to liability under the Act.   See, e.g., <u>PBA Local No. 38 v. Woodbridge Police Dept.</u>, 832 F. Supp. 808 (D. N.J. 1993); <u>see also Adams v. City of Battle Creek</u>, 250 F.3d 980 (6th Cir. 2001).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has alleged a claim under the ECPA sufficient to allow Plaintiff to go forward with discovery to determine whether there are any facts to support a claim that Plaintiff's communications were intercepted, disclosed or used in violation of the federal act.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendants' Motion to Dismiss as to this claim.

Similarly, under the West Virginia Wiretapping and Electronic Surveillance Act, the state legislature has provided for a civil cause of action against any person who "intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use

10

[wire, oral or electronic] communications . . . ."  W. Va. Code §
62-1D-12.  Under this act, the aggrieved party is entitled to
recover actual damages, but not less than $100 per day of
violation, punitive damages, if proper, and reasonable attorney's
fees and costs.  Id.

It further appears that the act defines "person" to include
"any person, individual, partnership, association, joint stock
company, trust or corporation, and includes any police officer,
employee or agent of this state or of a political subdivision
thereof."  W. Va. Code § 62-1D-2(j).  Accordingly, it appears that
the individual officers named in this civil action could be held
liable for any violations of this statute, but not the City of
Beckley.  Therefore, the undersigned proposes that the presiding
District Judge **GRANT** the defendants' Motion to Dismiss as to the
City of Beckley on this claim.

The undersigned further proposes that the presiding District
Judge **FIND** that Plaintiff has stated a claim against the individual
officers under the West Virginia Wiretapping and Electronic
Surveillance Act sufficient to allow Plaintiff to go forward with
discovery to determine whether there are any facts to support a
claim that Plaintiff's communications were intercepted, disclosed
or used in violation of the West Virginia act.  Accordingly, it is
respectfully **RECOMMENDED** that the presiding District Judge **DENY** the
defendants' Motion to Dismiss this claim against the individual

11

police officers named herein.

**D.   Plaintiff's State Law Invasion of Privacy Claim.**

West Virginia recognizes a common law cause of action for invasion of privacy where, <u>inter alia</u>, "an unreasonable intrusion upon the seclusion of another" has occurred.  <u>See</u> <u>Crump v. Beckley Newspapers, Inc.</u>, 320 S.E.2d 70 (W. Va. 1983).  Although the defendants did not address such a claim in their Motion to Dismiss and Memorandum of Law, the undersigned believes that Plaintiff has attempted to assert such a claim.

However, it is well-settled under West Virginia law that an invasion of privacy claim is subject to a one-year statute of limitations.  <u>See</u> W. Va. Code § 55-2-12(c); <u>see also</u> <u>Slack v. Kanawha County Housing and Redevelopment Auth.</u>, 423 S.E.2d 547, 551 (W. Va. 1992).  Plaintiff's claim arose, if at all, when he discovered the transmitter in his bedroom on December 13, 2004. Thus, the one-year statute of limitations ran on December 13, 2005. Plaintiff did not file his Complaint until August 25, 2006, over eight months after the statute of limitations had expired.

Thus, to the extent that Plaintiff has alleged an invasion of privacy claim under West Virginia law, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's invasion of privacy claim is untimely and must be dismissed.

12

**D.    Allegations Concerning Seized Property.**

In paragraphs 19 through 21 of his Complaint, Plaintiff alleges as follows:

> 19.   At the time of Ricky Campbell's arrest, personal property was taken that consisted of: (a) Harley Davidson Motorcycle (b) Collection of Rifles and/or Hunting Rifles/shotguns (c) 3 Pistols (d) Lawn tractor (e) Ford SUV Truck (f) Honda ATV Four Wheeler.
>
> 20.   At this time all of the personal property has been returned except the following: (a) Harley Davidson Motorcycle (b) Collection of Rifles and/or Hunting Rifles/Shotguns (c) 3 Pistols.
>
> 21.   Ricky Campbell avers that one or more officers of the Beckley Police Department is attempting to obtain the (a) Harley Davidson Motorcycle for their personal use, through the public sale system. Which is used to sell off such items.

(# 1 at 6).  Plaintiff's Complaint does not allege that the taking of his property was unconstitutional or unlawful.  Plaintiff's Complaint merely requests the return of all of the property seized from him during the search of his home.  (Id. at 7).

The undersigned's staff has determined that no forfeiture proceedings have occurred in this federal court, where Plaintiff was prosecuted.  However, on February 25, 2005, a civil forfeiture proceeding concerning Plaintiff's Harley Davidson motorcycle was initiated in the Circuit Court of Raleigh County.  Lawrence Frail v. Harley Davidson Motorcycle, Case No. 05-C-160-B.  That matter is scheduled for trial on July 10, 2007.  Although it appears that no forfeiture proceedings are on-going concerning Plaintiff's

firearms, the undersigned notes that Plaintiff, as a convicted felon, is prohibited from possessing firearms.  The undersigned further believes that the firearms in question remain in the possession and control of the Beckley Police Department.

Plaintiff did not initiate the instant civil action until August 25, 2006, over a year after the state civil forfeiture proceedings began.  As noted in <u>Eggleston v. State of Colorado</u>, 588 F. Supp. 1352, 1354 (D. Col. 1984):

> The well-settled rule is that whichever court, state or federal, first takes possession of the <u>res</u> withdraws it from the other.  <u>Kline v. Burke Const. Co.</u>, 260 U.S. 226, 235, 43 S. Ct. 79, 83, 67 L. Ed. 226 (1922).

Thus, in this case, because the state authorities had possession and control over Plaintiff's property, this federal court is "disabled from exercising power over that <u>res</u>." <u>Pipper v. Clark</u>, 337 U.S. 472, 492 (1949); <u>see also</u> <u>Farmers' Loan & Trust Co. v. Lake St. Elevated R. Co.</u>, 177 U.S. 51, 61 (1900)("The possession of the <u>res</u> vests the court which has first acquired jurisdiction with the power to hear and determine all controversies related thereto, and for the time being, disables other courts of co-ordinate jurisdiction from exercising a like power."); <u>United States v. $79,123.49 in U.S. Cash and Currency</u>, 830 F.2d 94 (7th Cir. 1987).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this federal court lacks jurisdiction to consider any claims concerning Plaintiff's personal property that was seized by the Beckley Police Department.  Any such claims must

14

be addressed in the state court.

**E. Doe Defendants.**

In his Complaint, Plaintiff has named "Doe Defendants 1 through 50" in the style of the Complaint, and further alleges that these defendants are "unknown at this time. It is believed that they are agents/employees of the Beckley Police Department and/or the City of Beckley, WV." (# 1 at 1-2). The defendants' Motion to Dismiss asserts that these unnamed defendants should be dismissed because "there is [sic; are] no allegations against these persons which would show any wrongdoing by these persons." (# 19 at 4). The defendants reiterate this assertion in their Memorandum of Law. (# 20 at 8).

In his Response to the Motion to Dismiss, Plaintiff states:

> 20. Doe defendants 1 through 50 should not be dismissed. As [sic; in] paragraph 14 of plaintiff's complaint, plaintiff alleges that doe defendants 1 through 50 are agents/employees of the Beckley Police Department. This allegation may be technically insufficient and can be cured by amending the complaint. Plaintiff is of information or believes that the doe defendants 1 through 50 took part in and/or otherwise are responsible for the unlawful conduct and injuries described in the complaint and will allege the specific names and actors with the completion of relevant discovery.

(# 42 at 4). In his Memorandum of Law, Plaintiff adds:

> 12. If there is a failure to properly allege actions against Does, this is a technical pleading problem due to the fact plaintiff is a pro se litigant. Plaintiff is informed and believes that Doe defendants 2 [sic; 1] through 50 acted in direct violation of plaintiff's Constitutional and

> Statutory Rights in connection with the placement of the wireless audio transmitting device, interception of his communications, failure to properly maintain policies, procedures and training required for the use of communication interception devices and conduct related to covering up these activities.

(# 43 at 9).

The undersigned agrees that there are no particular allegations in the Complaint concerning the conduct of the alleged Doe defendants. However, the undersigned finds that Plaintiff should be given an opportunity to discover whether there are any additional persons who allegedly engaged in the conduct that he believes to be unlawful. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** without prejudice the defendants' Motion to Dismiss Doe Defendants 1-50.

**F.   Plaintiff's Request for Injunctive Relief.**

In the Request for Relief contained in Plaintiff's Complaint, Plaintiff states that he is seeking equitable relief; however, he does not specify or define such relief. Thus, in their Motion to Dismiss, the defendants assert that the request for injunctive relief should be denied because Plaintiff failed to allege the specific relief he seeks. (# 19 at 4, ¶ 21).

In his Response to the Motion to Dismiss, Plaintiff specifies that the equitable relief he is seeking is a court order enjoining "the Beckley Police Department from utilizing electronic equipment for intercepting of communications abstract adherence to the

16

mandates of West Virginia Code § 62-1D-11, 62-1D-13 and 62-1D-15."
(# 42 at 4, ¶ 21).

In the defendants' Reply brief, the defendants further addressed this issue as follows:

> In his Response to the Defendants' Motion to Dismiss, the Plaintiff asks the Court to enjoin the Beckley Police Department from utilizing electronic equipment for intercepting communications, abstract adherence to the mandates of the West Virginia Code. However, the Plaintiff has not alleged any illegal wiretapping, other than the wiretapping of his own home on one occasion. The Plaintiff has failed to show that his home is currently being wiretapped or that another residence is being illegally wiretapped. Therefore, the Plaintiff's equitable relief should be denied, as the Plaintiff is unable to show the grounds for the relief requested.

(# 65 at 7).

In order to obtain injunctive relief under section 1983, Plaintiff must show a real and immediate threat of injury. See Los Angeles v. Lyons, 461 U.S. 95, 102-06 (1983). As noted by the defendants, Plaintiff cannot allege any present threat of immediate injury. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff is not entitled to the requested injunctive relief. Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss as to Plaintiff's request for injunctive relief.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.

17

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

June 6, 2007
Date

Mary E. Stanley
United States Magistrate Judge

18