IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICKY B. CAMPBELL,

          Plaintiff,

v.                            CIVIL ACTION NO. 5:06-cv-00659

BECKLEY POLICE DEPARTMENT, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

By Standing Order entered on August 1, 2006, and filed in this case on August 25, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R on June 6, 2007 [Docket 78]. In that filing, the magistrate judge recommended that this Court grant in part and deny in part Defendants' Motion to Dismiss [Docket 19]. Specifically, Magistrate Judge Stanley recommended that this Court:

(1) dismiss Plaintiff's conspiracy claim pursuant to Rule 41(a) of the Federal Rules of Civil Procedure;
(2) dismiss defendants Pugh and Cole, without prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure;
(3) find that Plaintiff's complaint states a claim of a violation of his fourth amendment rights sufficient to allow the parties to proceed with discovery and deny the individual defendants' motion to dismiss as to that claim;
(4) deny the motion to dismiss Plaintiff's fourth amendment claim against the City of Beckley;
(5) grant Defendants' motion to dismiss the Beckley Police Department;
(6) find that Plaintiff's complaint states a claim under the Electronic Communications Privacy Act (ECPA) sufficient to allow Plaintiff to go forward with discovery to determine whether there are any facts to support a claim that Plaintiff's communications were intercepted, disclosed or used in violation of the federal act and deny Defendants' motion to dismiss as to that claim;

(7) deny Defendants' motion to dismiss as to the claim against the individual defendants under the West Virginia Wiretapping & Electronic Surveillance Act (WVWESA);
(8) grant Defendants' motion to dismiss the WVWESA claim against the City of Beckley;
(9) find that Plaintiff's invasion of privacy claim is untimely and must be dismissed;
(10) find that this Court lacks jurisdiction to consider any claims concerning Plaintiff's personal property that was seized by the Beckley Police Department;
(11) deny without prejudice Defendants' motion to dismiss Doe Defendants 1-50; and
(12) grant Defendants' motion to dismiss as to Plaintiff's request for injunctive relief.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the parties' right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Stanley's PF&R were due by June 22, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, the only objection filed was in the form of a letter filed by Plaintiff on June 22, 2007 [Docket 82]. In that letter, Plaintiff objected to the magistrate judge's finding that his invasion of privacy claim was untimely under West Virginia law. Accordingly, excluding the invasion of privacy recommendation, there being no other objections, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss [Docket 19], and **ADOPTS** the following recommendations of the magistrate judge:

(1) **DISMISS** Plaintiff's conspiracy claim pursuant to Rule 41(a) of the Federal Rules of Civil Procedure;
(2) **DISMISS** defendants Pugh and Cole, without prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure;
(3) **DENY** Defendants' motion to dismiss Plaintiff's fourth amendment claim against the individual defendants;
(4) **DENY** Defendants' motion to dismiss Plaintiff's fourth amendment claim against the City of Beckley;

(5) **GRANT** Defendants' motion to dismiss the Beckley Police Department as to all claims;
(6) **DENY** Defendants' motion to dismiss Plaintiff's ECPA claim against the City of Beckley and the individual defendants;
(7) **DENY** Defendants' motion to dismiss Plaintiff's WVWESA claim against the individual defendants;
(8) **GRANT** Defendants' motion to dismiss Plaintiff's WVWESA claim against the City of Beckley;
(9) **DISMISS** Plaintiff's claims with regard to his seized personal property;
(10) **DENY WITHOUT PREJUDICE** Defendants' motion to dismiss Doe Defendants 1-50; and
(11) **GRANT** Defendants' motion to dismiss as to Plaintiff's request for injunctive relief.

With respect to the invasion of privacy claim, Plaintiff objects to the magistrate judge's recommendation that it be dismissed because the claim was untimely filed. In support of his objection, Plaintiff asserts that he "did not find out who the owners of the transmitter were until September 1, 2005." (Docket 82 at 1.) Thus, he argues that because it took him several months to discover that the City of Beckley was the owner of the transmitter, the statute of limitations should not have run until September 1, 2006 -- one year after the identity of the transmitter's owner was ascertained.

Under West Virginia law, the statute of limitations in an invasion of privacy cause of action is governed by the one-year statute of limitations provided by W. Va. Code § 55-2-12(c). *See Slack v. Kanawha County Housing & Redevelopment Auth.*, 423 S.E.2d 547, 551 (W. Va. 1992). More importantly, the West Virginia Supreme Court of Appeals has adopted the view that "[t]he discovery rule is applicable to a plaintiff's claim for the tort of invasion of privacy." *Id.* at 552. Thus, in an invasion of privacy cause of action, "the statute of limitations does not begin to run until the plaintiff knows, or by the exercise of reasonable diligence should know, that he has been injured and *the identity of the person or persons responsible*." *Id.* at 553 (emphasis added).

Here, because Plaintiff alleges that he did not discover that the City of Beckley was the owner of the transmitter until September 1, 2005,[1] and because his action was filed on August 28, 2006, his objection is **SUSTAINED**, and his invasion of privacy claim will not be dismissed. While it may become evident that Plaintiff either did know,[2] or through the exercise of reasonable diligence should have known, the identity of the owner of the transmitter prior to August 28, 2005, such an inquiry is a question of fact. Accordingly, the Court declines to adopt the recommendation that Plaintiff's invasion of privacy claim be dismissed, and will allow Plaintiff to go forward with discovery on this claim as well. As such, Defendants' motion to dismiss Plaintiff's invasion of privacy claim is **DENIED**.

Based on the above rulings, this matter is **REFERRED** back to Magistrate Judge Stanley for consideration of Plaintiff's: (1) fourth amendment claim against the individual defendants, the City of Beckley, and Doe Defendants 1-50; (2) ECPA claim against the individual defendants, the City of Beckley, and Doe Defendants 1-50; (3) WVWESA claim against the individual defendants and Doe Defendants 1-50; and (4) invasion of privacy claim against the individual defendants, the City of Beckley, and Doe Defendants 1-50.

---

[1] (Docket 1 at 5.)

[2] In Exhibit B and C of Plaintiff's complaint, the City's attorney indicates that the City "reasserts its position as stated in the August 9, 2005 letter" sent to Plaintiff. However, there is no sign that the August 9, 2005 letter informed Plaintiff of the identity of the owner of the transmitter. Obviously, if Plaintiff knew on August 9, 2005, that the City was the transmitter's owner, then his invasion of privacy claim would be untimely.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, Plaintiff, *pro se*, and Magistrate Judge Stanley.

    ENTER:    August 8, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE