IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICKY B. CAMPBELL,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:06-cv-00659

BECKLEY POLICE DEPARTMENT, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Ricky B. Campbell's Appeal of Magistrate Judge's Order entered on November 11, 2008 [Docket 329].  For the reasons stated below, United States Magistrate Judge Mary E. Stanley's order denying Plaintiff's motion for extension of discovery cutoff [Docket 327] is **AFFIRMED**.

On August 25, 2006, Plaintiff, acting pro se, filed an action against Defendants, Beckley Police Department; Billy Cole, chief of police; Beckley police officers, Grant Montgomery, William Reynolds, Chuck Smith, Tim Sweeny, and Stanly Sweeny; the City of Beckley; Emmett Pugh, Mayor of Beckley; and Doe Defendants one through fifty.  Plaintiff filed his action under 42 U.S.C. § 1983, alleging violations of his Fourth Amendment right to privacy, the West Virginia Wiretapping and Electronic Surveillance Act, W. Va. Code § 62-1D-1 *et seq*., and the federal Omnibus Crime Control and Safe Streets Act, as amended by the Electronic Communications Privacy Act, 18 U.S.C. § 2520, as well as a state claim for invasion of privacy.  Plaintiff alleges that

one or more of the Defendants placed a "transmitter" under a dresser in his bedroom while conducting a search of his residence on December 10, 2004.[*]

Discovery in this case was stayed from December 7, 2007, until June 17, 2008, due to Plaintiff's incarceration at FCI Morgantown. The magistrate judge ordered that discovery be completed by October 16, 2008 and dispositive motions be filed by November 12, 2008. Plaintiff filed a motion to extend discovery on September 10, 2008, which the magistrate judge denied on September 12, 2008. Thereafter, Plaintiff obtained counsel on November 4, 2008, and again requested an extension of the discovery cut-off. In this motion, Plaintiff also requested an extension of the dispositive motions deadline. Defendants objected to the extensions arguing that Plaintiff conducted discovery on his own behalf, that defense counsel responded to numerous discovery requests, and, at that time, Plaintiff's counsel still had eight days to file dispositive motions.

By order entered November 13, 2008, the magistrate judge denied Plaintiff's motion to extend discovery on the basis that "this case has been pending since August 25, 2006, discovery ended October 16, 2008, and Defendants have filed their motion for summary judgment." (Docket 327.) Plaintiff argues that as a pro se plaintiff, he was not "knowledgeable about the importance of certain legal procedures and that it was an abuse of discretion to disallow the extension of the discovery cutoff to permit the case to be heard on the merits instead of nicely and succinctly managing to sidestep the merits on a technicality, especially where, as here, a trial date has not been set." (Docket 329 at 1.)

---

[*] The City of Beckley Police Department's search of Plaintiff's home, pursuant to a state-issued search warrant, resulted in the seizure of approximately 205 marijuana plants and six pounds of marijuana. Plaintiff was arrested, placed on bond, and released after the search.

2

Rule 72(a) provides that an aggrieved party may appeal a non-dispositive order of a magistrate judge to the district court within ten days of entry. The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard applies to factual findings, while legal conclusions will be rejected if they are contrary to law." *Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005). Under the clearly erroneous standard, the magistrate judge's findings should not be disturbed unless the court is left with a "definite and firm conviction that a mistake has been committed." *Harman v. Robertson*, 772 F.2d 1150, 1153 (4th Cir. 1985) (quoting *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Considering that this case was filed in 2006, a dispositive motion is pending, and Plaintiff has conducted discovery on his own behalf, the Court is not left with a definite and firm conviction that a mistake has been committed. Accordingly, the Court does not find any portions of the order to be clearly erroneous or contrary to law. The magistrate judge's order [Docket 327] denying Plaintiff's motion for extension of discovery cutoff is therefore **AFFIRMED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, Plaintiff, *pro se*, and Magistrate Judge Stanley.

                ENTER:       April 6, 2009

                _____
                THOMAS E. JOHNSTON
                UNITED STATES DISTRICT JUDGE