IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICKY B. CAMPBELL,

               Plaintiff,

v.                                        CIVIL ACTION NO.  5:06-cv-00659

BECKLEY POLICE DEPARTMENT, et al.,

               Defendants.

**MEMORANDUM OPINION**

Before the Court is Defendants' Motion for Summary Judgment [Docket 323] and Plaintiff's

Motion for Summary Judgment [Docket 333-2].

*I.  FACTUAL AND PROCEDURAL BACKGROUND*

Pursuant to a state-issued search warrant, members of the City of Beckley Police Department

searched Plaintiff's home in Beckley, West Virginia,  for narcotics on December 10, 2004.  The

search resulted in the seizure of approximately 205 marijuana plants, twelve pounds of marijuana,

and several other items, including drug paraphernalia and firearms.  A federal grand jury returned

a two-count Indictment on January 12, 2005, charging Plaintiff with possession with intent to

distribute for remuneration a quantity of marijuana as well as cultivation of approximately 205

marijuana plants, both in violation fo 21 U.S.C. § 841(a)(1).  (Docket 1at 1, case no. 5:05-cr-13-1.)

Plaintiff pled guilty to the cultivation charge in Count Two on March 22, 2005, and was sentenced

by the Honorable David A. Faber on July 14, 2005.

On August 25, 2006, Plaintiff, acting pro se,[1] filed an action against Defendants, Beckley Police Department; Billy Cole, chief of police; Beckley police officers, Gant Montgomery, William Reynolds, Reginald Bailey, Chuck Smith,[2] Tim Sweeny, and Stanly Sweeny; the City of Beckley; Emmett Pugh, mayor of Beckley; and Doe Defendants 1–50.  Plaintiff filed his action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging violations of his Fourth Amendment right to privacy; the West Virginia Wiretapping and Electronic Surveillance Act (WVWESA), W. Va. Code § 62-1D-1 *et seq.*; the federal Omnibus Crime Control and Safe Streets Act, as amended by the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2520; and his right to privacy under State law.[3]  Plaintiff's Complaint asserts that three days after the search of Plaintiff's home, Plaintiff discovered under a dresser in his bedroom a wireless transmitter that Plaintiff alleges was placed in his home to illegally gather information.

Plaintiff also claims that while testifying at Plaintiff's sentencing hearing, Detective Gant Montgomery denied placing the transmitter in Plaintiff's residence even though the transmitter belonged to the Beckley Police Department, and Detective Montgomery should have known "what was going on with this 'transmitter.'" (Docket 1 ¶¶ 8-10.)  Based on these allegations, Plaintiff seeks

---

[1] Documents filed prior to November 4, 2008, the date Plaintiff obtained counsel, will be held to a less stringent standard than if they were prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] On June 6, 2007, the magistrate judge entered an Order [Docket 80], granting Plaintiff's Motion to Substitute the Estate of Charles "Chuck" Smith II for Defendant Charles "Chuck" Smith II as a defendant [Docket 46].

[3] Plaintiff's Complaint also alleged that Defendants "conspired with each other to make them liable under 42 U.S.C. § 1983 and *Bivens*." (Docket 1¶ 16).  However, Plaintiff voluntarily withdrew his conspiracy claim.  (Docket 42 ¶ 7.)

compensatory and punitive damages, as well as equitable relief, for the emotional distress and other related damages that he has incurred.[4]

Defendants assert that the transmitter in question belonged to Officer Will Reynolds who was present during the December 10, 2004, search of Plaintiff's home. Though they claim ownership of the transmitter, Defendants deny that it was intentionally placed in Plaintiff's residence to conduct an illegal surveillance. Defendants claim that during the search, Officer Reynolds took off his uniform belt near the dresser under which the transmitter was found in order to search an attic. Thus, Defendants appear to contend that the transmitter was accidently left under Plaintiff's dresser.

Furthermore, Defendants have presented evidence to support their contentions. First, Defendants have provided the Expert Witness Report of Officer David Lucas, Region Four Coordinator for the West Virginia State Police Bureau of Criminal Investigations, who opines that "the Beckley Police Department did not place a transmitting device at the residence located at 127 Jarrell Street in Beckley, West Virginia in an attempt to conduct illegal surveillance." (*Id.*) Officer Lucas asserts, among other things, that the Beckley Police Department would have no motivation to conduct illegal surveillance in that residence; the Beckley police department could not retrieve the equipment left in the house; and the transmitter would have been hidden and removed from its case if placed intentionally. In addition, Defendants have presented evidence that though the transmitter in question operated on a nine-volt battery, which would only last approximately eight to ten hours if left on, (Docket 325 at 2.), Defendants kept Plaintiff in custody for approximately

---

[4] Plaintiff's Complaint also requests the return of personal property including a Harley Davidson motorcycle and various firearms.

twenty-four hours after the transmitter was left in Plaintiff's home. (Docket 323–11 at 6.)  Thus, Defendants aver that they could not have intended to record any of Plaintiff's conversations.

By Standing Order entered on August 1, 2006, and filed in this case on August 25, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R on June 6, 2007, [Docket 78].  In that filing, the magistrate judge recommended that this Court grant in part and deny in part Defendants' Motion to Dismiss [Docket 19].  On August 8, 2007, the Court entered a Memorandum Opinion and Order [Docket 86], granting in part and denying in part Defendants' Motion to Dismiss [Docket 19][5] and referring the matter back to Judge Stanley for consideration of

---

[5]  Specifically, the Court adopted the following recommendations of the magistrate judge:

(1)   **DISMISS** Plaintiff's conspiracy claim pursuant to Rule 41(a) of the Federal Rules of Civil Procedure;

(2)   **DISMISS** defendants Pugh and Cole, without prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure;

(3)   **DENY** Defendants' motion to dismiss Plaintiff's fourth amendment claim against the individual defendants;

(4)   **DENY** Defendants' motion to dismiss Plaintiff's fourth amendment claim against the City of Beckley;

(5)   **GRANT** Defendants' motion to dismiss the Beckley Police Department as to all claims;

(6)   **DENY** Defendants' motion to dismiss Plaintiff's ECPA claim against the City of Beckley and the individual defendants;

(7)   **DENY** Defendants' motion to dismiss Plaintiff's WVWESA claim against the individual defendants;

(8)   **GRANT** Defendants' motion to dismiss Plaintiff's WVWESA claim against the City of Beckley;

(9)   **DISMISS** Plaintiff's claims with regard to his seized personal property;

(10)  **DENY WITHOUT PREJUDICE** Defendants' motion to dismiss Doe Defendants 1-50; and

(11)  **GRANT** Defendants' motion to dismiss as to Plaintiff's request for injunctive relief.

(continued...)

4

Plaintiff's (1) Fourth Amendment claim against the individual defendants, the City of Beckley, and Doe Defendants 1–50; (2) ECPA claim against the individual defendants, the City of Beckley, and Doe Defendants 1–50; (3) WVWESA claim against the individual defendants and Doe Defendants 1-50; and (4) invasion of privacy claim against the individual defendants, the City of Beckley, and Doe Defendants 1–50.[6]  On August 18, 2008, Plaintiff filed nine motions to substitute Billy Cole, former chief of police; Emmett Pugh, mayor of Beckley; and former members of Beckley City Counsel A. K. Minter, Ann W. Woreley, Robert R. Rappold, and A. Lee Leftwich for nine John Doe Defendants [Dockets 252–60].  On August 26, 2008, the magistrate judge entered an Order [Docket 267] granting Plaintiff's motions.  Plaintiff argues that these policy makers for the City of Beckley "failed to establish clear and precise regulations and policies in regards to training and/or the legal and technical use of electronic equipment that is used to surrepititious[ly] intercept oral communications."  (Dockets 252–260 at 1.)

On November 4, 2008, Plaintiff obtained counsel.  Defendants filed a Motion for Summary Judgment [Docket 323] on November 12, 2008.  In Plaintiff's Response to Defendants' Motion for Summary Judgment [Docket 333-2], Plaintiff included a Cross-motion for Summary Judgment.  The Court entered an Order [Docket 335] withdrawing the reference of this action to Magistrate Judge Stanley on April 2, 2009.  These motions are ripe for review by the Court.

---

[5](...continued)
(Docket 86 at 2.)

[6]  Discovery in this case was stayed from December 7, 2007, until June 17, 2008, due to Plaintiff's incarceration at FCI Morgantown.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

"In deciding whether there is a genuine issue of material fact, the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in its favor."  *Am. Legion Post v. City of Durham*, 239 F.3d 601, 605 (4th Cir. 2001).  A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celetex Corp.*, 477 U.S. at 323.

The moving party bears the burden to show that there is no genuine issue of material fact, and the Court "must assess the evidence as forecast in the documentary materials . . . in the light most favorable to the party opposing the motion."  *Charbonnages de Fr. v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).  In this case, both parties have moved for summary judgment.  Cross-motions for summary judgment are given the same standard of review and the Court will "consider and rule upon each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard."  *Monumental Paving & Excavating, Inc. v. Pa. Mfrs. Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999).

## III.  DISCUSSION

Defendants filed a Motion for Summary Judgment [Docket 323] addressing Defendants' alleged violations of Plaintiff's Fourth Amendment right to privacy; the WVWESA, the ECPA; and Plaintiff's right to privacy under State law as well as Plaintiff's claims against the mayor, the chief of police, and members of city counsel as policy makers.  Plaintiff filed a Response and Cross-motion for Summary Judgment [Docket 333-2].  However, other than contending that Defendants' behavior after the transmitter was disclosed resulted in an increase in Plaintiff's sentencing, Plaintiff failed to respond to Defendants' arguments.

### A.  Plaintiff's Response and Motion for Summary Judgment

Plaintiff argues that "he was damaged in the manner in which the defendants handled the issue after then transmitter was discovered." (Docket 333-2 at 2.)  Specifically, Plaintiff claims that during his sentencing hearing before Judge Faber, "the supervisor of the drug unit of the Beckley Police Department testified that no transmitter had been placed in the Plaintiff's residence."[7]  (*Id.*) Plaintiff claims, "If the testimony at the sentencing had been accurate, the Court would not have found that the Plaintiff was being untruthful and attempting to blame the Beckley Police Department.  The Plaintiff's sentence would not have been increased by nearly two and one-half years." (*Id.*)  Plaintiff argues that

> [t]he Plaintiff should be entitled to present evidence to allow a jury to determine if the actions of the Beckley Police Department in denying ownership of the transmitter resulted in additional time on Mr. Campbell's sentence.  In the alternative, Plaintiff would request that this Court enter Summary Judgment on his behalf on this issue.

(*Id.* at 3.)

---

[7] At Plaintiff's sentencing hearing, Detective Gant Montgomery answered, "No," when asked, "Did you plant a transmitter [at Plaintiff's home]?"  (Docket 323-6 at 48.)

A § 1983 action is not the proper venue to pursue a challenge to Plaintiff's sentence.[8] "Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  However, claims which "fall within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983." (*Id.*)  An argument that Plaintiff's sentence was improperly enhanced due to testimony of Detective Montgomery should have been raised on appeal or by a habeas corpus action and cannot be considered by this Court in this case.  Accordingly, Plaintiff's Motion for Summary Judgment [Docket 333-2] is **DENIED**.[9]

### B. Defendants' Motion for Summary Judgment

In his Response and Cross-motion for Summary Judgment, Plaintiff admits that he "does not contend that any [of his] conversations were intercepted, disclosed, or intentionally used." (Docket 333-2 at 2.)  In addition, there is no question that a transmitter belonging to the Beckley Police Department was found in Defendant's home.  Therefore, no question of material fact exists regarding Plaintiff's remaining claims, which are based on the premise that he was damaged as a result of the placement of the transmitter in his home.  As discussed below, the mere placement of a transmitter, during a valid search pursuant to a search warrant, does not support the Plaintiff's claims under § 1983 or State law.

---

[8]  Similarly, a *Bivens* action is not the proper venue to pursue a challenge to Plaintiff's sentence as "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 254, n.2 (2006).

[9]  Having determined that this Plaintiff's claim regarding his sentencing is not properly before this Court on other grounds, the Court declines to address Defendant's res judicata and collateral estoppel arguments.

*(1) ECPA and WVWESA Claims*

Plaintiff seeks relief under the ECPA and WVWESA.  Each of these statutes provides a private cause of action for "[a]ny person whose wire, oral or electronic communication is intercepted, disclosed."[10]  18 U.S.C. § 2520; W. Va. Code § 62-1D-12(a).  Because Plaintiff admits that he is not a "person whose wire, oral, or electronic communication [has been] intercepted, disclosed, or intentionally used," the Court **FINDS** that he is not entitled to recovery under § 2520 or § 62-1D-12(a).

*(2) Section 1983 Claims*

Plaintiff claims that Defendants violated his right to privacy under the Fourth Amendment and such violation amounts to a cognizable claim under Section 1983.[11]  "The Fourth Amendment requires government to respect '[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures.'" *Chandler v. Miller*, 520 U.S. 305, 308 (1997).  The United States Supreme Court "uniformly has held that the application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a

---

[10] WVWESA also provides a private cause of action for a person whose identity is disclosed in violation of Article 1D of WVWESA.  However, nothing in the record indicates that Plaintiff's identity was disclosed.

[11]  Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Plaintiff alleges that the Defendants were acting under color of State law when they violated his Fourth Amendment rights.

9

'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979).

> This inquiry . . . normally embraces two discrete questions. The first is whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy, —whether . . . the individual has shown that he seeks to preserve [something] as private. The second question is whether the individual's subjective expectation of privacy is one that society is prepared to recognize as "reasonable."

*Id.* (citations and internal quotations omitted). In this instance, Plaintiff fails to allege that he was subject to any type of unreasonable search as he has admitted that none of his conversations were intercepted or used in any way. Accordingly, the Court **FINDS** that Plaintiff's Fourth Amendment claims fails.

In addition, Plaintiff argues that policy makers for the City of Beckley "failed to establish clear and precise regulations and policies in regards to training and/or the legal and technical use of electronic equipment that is used to surrepititious[ly] intercept oral communications." (Dockets 252–60 at 1.) "[A] failure to train can constitute a 'policy or custom' actionable under section 1983 only where the 'municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants.'" *Jordan by Jordan v. Jackson*, 15 F.3d 333, 341 (4th Cir. 1994) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Moreover, "[t]he specifically identified deficiency in training also must be shown to have in fact caused the ultimate violation [of constitutional rights]." *Id.* In this instance, Plaintiff has failed to show a violation of a constitutional right occurred, much less that such a violation was caused by a failure on the part

10

of policy makers for the City of Beckley. Therefore, the Court **FINDS** that Plaintiff's 1983 claim against the policy makers fails.[12]

### (3) State Law Violation of Privacy Claim

Under West Virginia law, "[a]n 'invasion of privacy' includes (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." *Slack v. Kanawha Co. Housing and Redevelopment Auth.*, 423 S.E.2d 547, 551 (W. Va. 1992) (quoting Syl. pt. 8, *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70 (W. Va., 1983).

Plaintiff's claim most resembles an intrusion upon seclusion claim. "Although there are no reported West Virginia cases that consider the elements required for an intrusion upon seclusion claim in West Virginia, courts have routinely adopted the description of the tort of intrusion upon seclusion set forth in the Restatement (Second) of Torts § 652B." *Curran v. Amazon.com Inc.*, No. 2:07-cv-0354, 2008 WL 472433, at *6 (S.D. W. Va. Feb. 19, 2008). The Restatement (Second) of Torts, Section 652B provides: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." In this instance, Plaintiff has not alleged that his personal affairs have been intruded upon as he has not claimed that any of his conversations were recorded or made public. *See* Syl. pt. 1, *Roach v.*

---

[12] Defendants raise the affirmative defense of qualified immunity against Plaintiff's § 1983 claims. However, because the Court has found that Defendants did not violate Plaintiff's constitutional rights, the Court need not address whether Defendants are entitled to qualified immunity. *See Pearson v. Callahan*, ___U.S.___, 129 S.Ct. 808, 811 (2009).

*Harper*, 105 S.E.2d 564 (W.Va. 1958) ("The right of privacy, including the right of an individual to be let alone and to keep secret his private communications, conversations and affairs, is a right the unwarranted invasion or violation of which gives rise to a common-law right of action for damages.").[13] Therefore, the Court **FINDS** that Plaintiff's State law violation of privacy claim fails.

The Court **FINDS** that the pleadings, affidavits, and depositions filed in this case demonstrate that there are no issues of material fact in this case. In addition, the Court has found that each of Plaintiff's claims fail as a matter of law. Accordingly Defendants' Motion for Summary Judgment [Docket 323] is **GRANTED**.

### IV.   CONCLUSION

Based on the foregoing analysis, Defendants' Motion for Summary Judgment [Docket 323] is **GRANTED**, and Plaintiff's Motion for Summary Judgment [Docket 333-2] is **DENIED**. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 16, 2009

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[13] Because Plaintiff does not claim that his privacy has been violated, the Court need not consider the remaining elements provided in the Restatement Second of Torts.